Opinion issued May 7, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-26-00447-CV

———————————

### IN RE FELICIA NICOLE JONES, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Felicia Nicole Jones, a vexatious litigant subject to a pre-filing order, and proceeding pro se, filed a document with this Court captioned a "Writ of Mandamus to a Motion to Stay the Mandate Pending the Filing of a Petition for a Writ of Certiorari Will Not Automatically Rendered Moot." This filing complains that, on April 28, 2026, this Court denied her "Motion to Stay the Mandate Pending

the Filing of a Petition for Writ of Certiorari" in appellate case number 01-25-00867-CV.[1]

Relator's filing asserts that a "[w]rit of [m]andamus from [t]he Texas First [C]ourt of [A]ppeals should issue" from the Court's "denial of [relator's] [Motion to] Stay the Mandate" in appellate case number 01-25-00867-CV. We therefore construe her filing as a petition for writ of mandamus and dismiss relator's petition for lack of jurisdiction.

An appellate court may issue a writ of mandamus against judges of a district, statutory county, statutory probate, or a county court in the court of appeals district. *See* TEX. GOV'T CODE ANN. § 22.221(b). Relator's petition for writ of mandamus requests that this Court issue a writ of mandamus against this Court. However, this Court lacks mandamus jurisdiction over an appellate court, specifically, itself. *See* TEX. GOV'T CODE ANN. § 22.221(b)–(c). Jurisdiction to issue a writ of mandamus against a court of appeals or a justice of a court of appeals lies with the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 22.002(a).

Additionally, the Clerk of this Court may not file an original proceeding in a civil matter presented by a vexatious litigant subject to a pre-filing order unless: (1)

---

[1] Relator's direct appeal was dismissed by this Court on January 8, 2026 because relator, a vexatious litigant subject to a pre-filing order, failed to establish she obtained the necessary permission before filing the appeal. *See Jones v. Louis Vuitton*, No. 01-25-00867-CV, 2026 WL 59737, at *1 (Tex. App.—Houston [1st Dist.] Jan. 8, 2026, no pet.) (mem. op.).

relator first obtains an order from the local administrative judge permitting the filing or (2) relator is appealing from a pre-filing order declaring her a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a). In her petition for writ of mandamus, relator did not provide any indication that she obtained permission prior to filing her original proceeding.

Accordingly, we conclude that we lack jurisdiction to grant the mandamus relief requested by relator. We therefore dismiss relator's petition for writ of mandamus for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.